Mark S. Scheffer, Esquire
LAW OFFICES OF MARK S. SCHEFFER
Identification Nos. 59271
P.O. Box 111                                              Attorney for Plaintiff
Birchrunville, PA 19421
(610) 915-8351

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN  DISTRICT OF PENNSYLVANIA

MALIK H. COOPER, SR.                    :          NO.
                                        :
        v.                              :
                                        :
SIMPLY CLEAN MOBILE LLC                 :          Jury Trial Demanded

## <u>COMPLAINT</u>

1.      Plaintiff, Malik H. Cooper, Sr., is a Muslim and a black male residing in the Commonwealth of Pennsylvania at 1339 Sellers Street, Philadelphia, PA 19124.

2.      Defendant, Simply Clean Mobile LLC, was Plaintiff's employer and conducts business at 3945 Franklin Ave., Philadelphia, PA 19124, and has a principal place of business at Route 46 West Andrews Drive, Woodlands Park, NJ 07424.

3.      The causes of action set forth in this Complaint arise under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000(e) et seq., the Civil Rights Act of 1866 ("Section 1981"), as amended, 42 U.S.C §1981*q.*, and the Philadelphia Fair Practices Ordinance ("PFPO"), as amended, The Philadelphia Code §9-1100 *et seq*.

4. The District Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1367.

5. At all times material hereto, Defendant acted by and through its authorized agents, servants, workmen and/or employees acting in the course and scope of their employment with Defendant and in furtherance of Defendant's business.

6. Defendant hired Plaintiff in March of 2024 to work as a car detailer at 3945 Frankford Ave, Philadelphia, PA 19124.

7. During all times relevant to this Complaint, Plaintiff worked with another co-worker at the Frankford Ave location. The co-worker was not black, but rather Hispanic, and he was not Muslim.

8. While Defendant paid Plaintiff as a contractor and issued him a 1099 for work performed, Defendant set Plaintiff's start time, provided Plaintiff with tools and supplies, provided Plaintiff with cars to detail and otherwise acted as Plaintiff's employer with the meaning of Title VII, and as a matter of law.

9. On many occasions during his employment, payment for cars which Plaintiff had detailed was made to Plaintiff's Hispanic, non- Muslim coworker.

10. Plaintiff objected to his supervisors and managers about this nonpayment, and the problem nonetheless continued.

11. Plaintiff was also treated disparately compared to his co-worker, and was required to clean up and do other non-detailing tasks, despite the fact that Plaintiff has more seniority than his co-worker.

12. As a result of continued disparate treatment, Plaintiff contacted the United States Equal Employment Opportunity Commission ("EEOC") in the summer of 2025, and a charge of

discrimination was ultimately formalized and signed by Plaintiff on December 16, 2025 subsequent to Plaintiff's termination, which is addressed below.

13. On or about September 22, 2025 Plaintiff was informed that he was laid off from work, yet his Hispanic, non-Muslim coworker, who had less seniority, was retained.

14. The EEOC issued a notice of right to sue on December 22, 2025.

**COUNT I – Section 1981**

15. Plaintiff incorporates herein by reference Paragraphs 1 through 14 above as if set forth herein in their entirety.

16. Defendant violated Section 1981 by discriminating against Plaintiff on the basis of his race.

17. As a direct and proximate result of Defendant's violation of Section 1981, Plaintiff has suffered, and continues to suffer, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs.

**COUNT II – Title VII**

18. Plaintiff incorporates herein by reference paragraphs 1 through 17 above as if set forth herein in their entirety.

19. Defendant discriminated against Plaintiff on the basis of his race and/or religion, and Defendant's actions violated Title VII.

20. As a direct and proximate result of Defendant's violation of the Title VII, Plaintiff has suffered, and continues to suffer, a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, upset, emotional anguish, loss of life's pleasures, attorneys' fees and costs. Defendant's actions violated the PHRA.

**COUNT III-PFPO**

21.      Plaintiff incorporates herein by reference Paragraphs 1 through 20 above as if set forth herein in their entirety.

22.       Defendant 's actions violate the PFPO.

23.      As a direct and proximate result of Defendant's violation of the PFPO, Plaintiff has sustained the losses set forth above.

RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and against Defendant:

(a)      Declaring Defendant's actions to be in violation of Section 1981, Title VII  and/or the PFPO;

(b)      Awarding compensatory damages to Plaintiff for emotional upset, mental anguish, humiliation, loss of life's pleasures, and pain and suffering;

(c)      Awarding Plaintiff's costs of this action, together with reasonable attorney's fees;

(d)      Awarding Plaintiff punitive damages and such other damages as are appropriate under Section 1981, Title VII and the PFPO; and,

(e)       Granting such other and further relief as the court deems appropriate.


Respectfully submitted,

/s/ Mark S. Scheffer
Mark S. Scheffer, Esquire
LAW OFFICES OF MARK S. SCHEFFER
P.O. Box 111
Birchrunville, PA 19421
(610) 915-8351